UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROCKWOOD CASUALTY INSURANCE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> HIDDEN SPLENDOR RESOURCES, INC.; AMERICA WEST RESOURCES, INC.; MID-STATE SERVICES, INC.; DENLY UTAH COAL, LLC; UNITED STATES OF AMERICA (DEPARTMENT OF TREASURY); UTAH STATE TAX COMMISSION; DOES I through X; and ROE CORPORATIONS I through X, <br><br> Defendants. | 3:13-CV-00481-LRH-VPC <br><br> ORDER |

This is an interpleader action brought pursuant to 28 U.S.C. § 1335. Before the Court is Plaintiff Rockwood Casualty Insurance Co., Inc.'s ("Rockwood") Motion for Attorneys' Fees and Costs. Doc. #50.[1] The United States filed an Opposition. Doc. #52. America West Resources, Inc. ("AWR") and Hidden Splendor Resources, Inc. ("Hidden Splendor") also filed an Opposition. Doc. #53. Finally, Denly Utah Coal, LLC ("Denly") filed an Opposition. Doc. #54.

I. **Facts and Procedural History**

Rockwood is an insurance company that provides worker's compensation and employer's

---
[1] Refers to the Court's docket number.

1 liability coverage. AWR is the parent company of Hidden Splendor.[2] Rockwood provided
2 insurance to Hidden Splendor beginning on September 30, 2006. Doc. #4, Ex. 1. Hidden Splendor
3 executed contracts with Rockwood for insurance on behalf of itself and MSS for the coverage
4 period of September 30, 2006, through September 30, 2012. *Id.* Hidden Splendor executed
5 contracts with Rockwood for insurance on behalf of itself and AWR for the coverage period of
6 September 30, 2012, through September 30, 2013. *Id.*, Ex. 2. Prior to the expiration of their
7 insurance contracts with Rockwood, Hidden Splendor and AWR stopped operating based on the
8 sale of various coal mining related assets owned by Hidden Splendor, such that they no longer
9 required continuing insurance under their coverage with Rockwood.

10 Hidden Splendor paid an insurance premium in the amount of $102,833.00 (including
11 premium deposit) for the 2012-2013 coverage period. *Id.*, Ex. 3. Rockwood is currently holding
12 $60,323.00 in prepaid, unearned premium ("Unearned Premium"). *Id.* Hidden Splendor also made
13 monetary contributions to a deductible loss fund ("Loss Fund") to be held as collateral security for
14 the payment of Hidden Splendor's deductible loss obligations under the insurance agreement for
15 the 2012-2013 coverage period. Rockwood is also currently holding funds in the Loss Fund.
16 Based on the termination of its business, Hidden Splendor and/or AWR have a claim for the return
17 of the Unearned Premium. Depending on the amount of claims lodged annually through December
18 31, 2020, Hidden Splendor and/or AWR may have an annual claim for the return of any unutilized
19 Loss Fund as determined by the annual audit. After the annual audit through December 31, 2020,
20 Rockwood may continue to hold amounts in the Loss Fund if there are any outstanding claims.
21 After resolution of any outstanding claims existing after the annual audit though December 31,
22 2020, Hidden Splendor and/or AWR may have a claim for the return of any remaining amount in
23 the Loss Fund.

---

[2] Mid-State Services, Inc. ("MSS") was a sister company of Hidden Splendor. MSS has since been dismissed with prejudice from this action. Doc. #30.

2

Denly has asserted a secured interest in virtually all of Hidden Splendor and/or AWR's assets, including the Unearned Premium and the Loss Fund when due. Hidden Splendor contests whether Denly has complied with the proper procedures in order to recover the funds. Additionally, the Internal Revenue Service ("IRS") has filed federal tax liens on all property and rights to property belonging to Hidden Splendor, and the Utah State Tax Commission has entered a judgment against Hidden Splendor for withholding taxes for the period of July 2012 through September 2012.

On March 31, 2014, the Court entered an Order directing Rockwood to deposit with the Clerk of the Court the Unearned Premium Fund, in the amount of $60,323.00, plus interest, less any allowance the Court may award for attorneys' fees and costs. Doc. #49. The Court further ordered that Rockwood shall be dismissed with prejudice from this action as it relates to the Unearned Premium following the deposit of the Unearned Premium Fund with the Clerk of the Court. *Id.* Finally, the Court dismissed without prejudice Rockwood's claim as to the Loss Fund, finding that the claim liability is unascertainable at present. *Id.* Thereafter, in accordance with the Court's instructions, Rockwood filed the present Motion for Attorneys' Fees and Costs. Doc. #50.

**II.    Discussion**

As the Court noted in its March 31, 2014 Order, "courts [generally] have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). "However, where the United States has a prior existing federal tax lien, the government's lien has 'statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees' until the tax lien is completely satisfied or becomes unenforceable." *Premier Trust, Inc. v. Duvall*, 559 F. Supp. 2d 1109, 1117 (D. Nev. 2008) (quoting *Abex*, 748 F.2d at 516-17). As such, the "governmental priority established under the tax lien statutes preclude an award of fees to the plaintiff stakeholder from an interpleader fund when such an award would deplete the fund prior to satisfaction of the lien." *Abex*, 748 F.2d at 517. Rockwood's attempt to distinguish *Premier Trust* on the basis of its alleged ownership

interest in the Unearned Premium is unavailing.  *See* Doc. #50, p. 3.  As the United States points out, Rockwood's contention in this regard is belied by its own Complaint and other pleadings in this action.  *See* Doc. #1, ¶22 ("Rockwood is currently *holding* $60,303 in prepaid, unearned premium") (emphasis added); *Id.*, ¶38 ("Rockwood is a *disinterested* stakeholder") (emphasis added"); *see also* Doc. #4, 4:18 ("Rockwood is entitled to dismissal from this case, having no independent interest in the funds").

Here, the Court has not yet determined the issue of priority of claims, resolution of which will have a direct bearing on the determination of whether Rockwood is entitled to attorneys' fees and costs out of the interpleader fund.  Accordingly, the Court shall defer ruling on the issue of Rockwood's entitlement to attorneys' fees and costs pending resolution of the parties priority of claims.  To the extent the Court previously determined that an award of attorneys' fees and costs from the Unearned Premium is justified, the Court vacates that ruling.

IT IS THEREFORE ORDERED that Rockwood's Motion for Attorneys' Fees and Costs (Doc. #50) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 25th day of July, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4