1

2                  **UNITED STATES DISTRICT COURT**

3                       **DISTRICT OF NEVADA**

4
ROCKWOOD CASUALTY INSURANCE CO.,
5   INC.,

6              Plaintiff,                          3:13-cv-00481-LRH-VPC

7   vs.

8   HIDDEN SPLENDOR RESOURCES, INC.;              ORDER
    AMERICA WEST RESOURCES, INC.; MID-
9   STATE SERVICES, INC.; DENLY UTAH
    COAL, LLC; UNITED STATES OF AMERICA
10  (DEPARTMENT OF TREASURY); UTAH
    STATE TAX COMMISSION; DOES I through
11  X; and ROE CORPORATIONS I through X,

12             Defendants.

13
        This is an interpleader action brought pursuant to 28 U.S.C. § 1335.  Before the Court is
14
    Defendants, the United States, Denly Utah Coal, LLC, Hidden Splendor Resources, Inc. and America
15
    West Resources, Inc., and Plaintiff, Rockwood Casualty Insurance Co., Inc.'s, (collectively "the
16
    Parties"), Unanimous Motion to Approve Settlement and to Dismiss Case ("the Motion").
17
        The Court finds that the Parties are the only remaining parties in the above-styled and
18
    numbered case and that the Parties seek approval of the Stipulation of Settlement and the Dismissal
19
    of the above-styled and numbered case.  The Court has reviewed the pleadings, read the Stipulation
20
    of Settlement, considered the argument of counsel, and considered the evidence, all to the extent
21
    appropriate, and the Court finds that it is appropriate to grant the Motion.
22
        IT IS THEREFORE ORDERED that the Stipulation of Settlement attached hereto as Exhibit
23
    "A" is hereby approved.
24
        IT IS FURTHER ORDERED that the above-styled and numbered case is hereby dismissed.
25

26

27

28

1    IT IS SO ORDERED.
2    DATED this 19th day of December, 2014.

                            _____
                            LARRY R. HICKS
                            UNITED STATES DISTRICT JUDGE

# Exhibit A

# Exhibit A



U.S. Department of Justice

**Tax Division**

*Please reply to:* Civil Trial Section, Western Region

*Facsimile No. (202) 307-0054*
*Trial Attorney: Henry C. Darmstadter*
*Attorney's Direct Line: (202) 307-6481*

*P.O. Box 683*
*Ben Franklin Station*
*Washington, D.C. 20044*

TWA:RRW:HCDarmstadt
5-46-8064
CMN 2013102784                          October 10, 2014

**VIA EMAIL AND REGULAR MAIL**

James V. Hoeffner
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701

Re: *Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al*
    Case No. 3:12-cv-00481-LRH-VPC (USDC Nevada)

Dear Mr. Hoeffner:

We have received your email of October 10, 2014 on behalf of Denly Utah Coal LLC. ("Denly") to resolve the above referenced interpleader action commenced by the Rockwood Casualty Insurance Company, Inc ("Rockwood"). This is to memorialize the settlement you have proposed on behalf of all the remaining parties to compromise the above-entitled interpleader action. Based upon your email and your telephone conversations with Henry C. Darmstadter, we understand the terms of your offer to be as follows:

1.   The following parties to this action, Plaintiff Rockwood; Defendant United States of America; Defendant Denly; and Defendants Hidden Splendor Resources, Inc. (in it is individual capacity and as successor in interest to Mid-State Services, Inc.) and America West Resources, Inc. (the latter two, collectively referred to as "Hidden Splendor") agree that the subject or res of this case shall be resolved as follows subject to approval of the court. The only other party to this case, the Utah State Tax Commission, has filed a stipulation disclaiming its interest in the funds at issue in this case and agreeing to be bound by the court's resolution of the case.

2.   In the Complaint in Interpleader, Rockwood has represented that it is currently holding the sum of $60,303 in prepaid, unearned premium on behalf of Hidden Splendor ("Unearned Premium").

3.   Per agreement of the undersigned, the entire amount of the Unearned Premium ($60,303) will be paid by Rockwood to the United States of America by check made payable to the United States Treasury and mailed within (15) fifteen calendar days of entry of an order approving this agreement. Payment is to be



- 2 -

sent to the Department of Justice, ATTN: TAXFLU, Room 6647 - Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001. This payment will be applied by the United States to the outstanding tax liabilities of Hidden Splendor and/or Mid- State Services, Inc. as an involuntary payment.

4.    Rockwood has represented that as of August 31, 2014, it held $661,095.78 in collateral consisting of $24,871.85 in its possession and $636,223.93 held by First National Trust Company pursuant to an Escrow Account agreement among Rockwood, Hidden Splendor and First National Trust Company. The Escrow Account contains a deductible loss fund ("Loss Fund") pursuant to an Insurance Agreement between Rockwood and Hidden Splendor. For the purposes of this agreement, the Loss Fund shall refer to the combined amount of collateral in Rockwood's possession and the Loss Fund, in this case, $661,095.78 as of August 31, 2014.

5.    Although ownership of the Loss Fund resides with Hidden Splendor, Rockwood contends that it holds a senior security interest in the collateral contained in the Loss Fund for payment of claims ("Losses") and allocated loss adjustment expenses ("ALAE") as provided for in the Insurance Agreement, Escrow Account and Workers Compensation and Employer Liability Insurance policies issued by Rockwood to Hidden Splendor (including the Large Deductible Endorsement produced as ROCK 188-19, which is an endorsement to and part of the insurance policies). In the event the Loss Fund is not exhausted by the payment of Losses and ALAE, Rockwood agrees to distribute the surplus funds in accordance with the formula set out in the deposition of F. Ronald Davidson, Rockwood's Vice President, Underwriting, who was deposed in this Case on July 9, 2014 ("the Deposition"). The Deposition, including exhibits, is incorporated by reference and is part of this Stipulation regarding payouts and disclosures under this Stipulation.

6.    In regard to the Loss Fund, Rockwood conducts a runoff calculation in the first quarter of each year starting in 2014, as described in the Deposition. There is presently the sum of $62,094.62 ("First Run Off") from the standardized runoff calculation completed in first quarter of 2014 that is immediately due and owing and would have been paid from Rockwood to Hidden Splendor, but for the competing claims to such monies. Payments from portions of the Loss Fund are sometimes referenced as "Run Off".

7.    Rockwood agrees, pursuant to, and in accordance with, its standardized Run Off calculation, to release and distribute the annual calculated Run Off from the Loss Fund on an annual basis at approximately the end of January for each previous year. December 31, 2020, is the last day that a claim filed for the first time against the subject insurance policies can be considered for payment from the Loss Fund. Any claims filed for the first time after December 31, 2020, shall not be paid from the Loss Fund. As to the release and distribution for the Run Off calculated for the eighth year ending on December 31, 2020, Rockwood may continue to reserve amounts from the Loss Fund for pending, unresolved claims made on or before December 31, 2020, as well as payment on any meritorious claims. The reserved



- 3 -

amounts for each claim shall not be subject to any Run Off distribution pending the final payment or successful denial of such particular claim. Again, reference is made to the Deposition regarding the payment formula. As also detailed in the Deposition, there is no guarantee that there will be any further distributions from the Loss Fund beyond the First Run Off. With respect to claims reserved after December 31, 2020, as provided above, Rockwood shall not apply any reserve redundancy (defined as the amount of the reserve for a particular claim remaining after ALAE and any amount allowed for such particular claim, at the final payment or successful denial of such particular claim) to any other pending claim. Such redundancy, if any, shall be distributed to the IRS or Denly in accordance with this Stipulation. Any distribution shall be effected within 45 days of the date the claim closes.

8.  Per agreement of the undersigned, the first $10,000 of the First Run Off will be paid by Rockwood to the United States of America by check made payable to the United States Treasury and mailed within (15) fifteen calendar days of entry of an order approving this agreement. Payment is to be sent to the Department of Justice, ATTN: TAXFLU, Room 6647 - Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001. The United States agrees to allocate the entire $10,000 immediately to the trust fund portion of the employment tax liability (Form 941) of Hidden Splendor for the third-quarter of 2012.

9.  Per agreement of the undersigned, the remaining $52,094.62 of the First Run Off will be paid by Rockwood to Denly by check made payable to Denly Utah Coal, LLC, and mailed within (15) fifteen calendar days after entry of an order approving this agreement. Payment is to be sent to Denly Utah Coal LLC, 13809 Research Blvd., Suite 810, Austin, Texas 78750. Denly agrees to apply this payment to its debtor-in-possession (DIP) loan in In Re: America West Resources, Inc. (Case No BK-13-10865 bam) (USBC D. Nevada).

10. If there is additional Run Off from the Loss Fund, the next $446,905.38 (after the First Run Off) will be paid by Rockwood to Denly by check made payable to Denly Utah Coal LLC and mailed to Denly Utah Coal LLC., 13809 Research Blvd. Suite 810, Austin, Texas 78750. Denly agrees to apply this payment to its debtor-in-possession (DIP) loan in *In Re: America West Resources, Inc.* (Case No BK-13-10865 bam) (USBC D. Nevada).

11. Any and all amounts returned, if any, by Rockwood from the Loss Fund in excess of the amount described in Paragraph Nos. 8, 9 and 10 above (i.e., the First Run Off of $62,094.62 and the next $446,905.38 to be paid to Denly as referenced in the Paragraph No. 10) will be paid by Rockwood to the United States of America by check made payable to the United States Treasury and mailed to the Department of Justice, ATTN: TAXFLU, Room 6647 - Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001. This payment will be applied by the United States to the outstanding tax liabilities of Hidden Splendor and/or Mid-State Services, Inc. as an involuntary payment.

12. Hidden Splendor agrees that the provisions of Part Four, Paragraph 3 of the



- 4 -

Workers Compensation and Employers Liability Insurance policies issued to Hidden Splendor by Rockwood are unaffected by this settlement and remain enforceable. Hidden Splendor releases any and all rights to receive the distribution of any amount of the Unearned Premiums, Run Offs, or the Loss Fund, and acknowledges that it has no liens, security interests, or other claims with respect to any portion of the Loss Fund, the Unearned Premiums, or the Run Offs except those that are released in accordance with this stipulation.

13. Rockwood agrees that it will not deduct from the Loss Fund or otherwise seek payment from any parties for any attorneys' fees or court costs incurred in connection with this entire action, Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al (Case No. 3:12-cv-00481-LRH-VPC (USDC Nevada)).

14. Rockwood agrees to provide Denly and the United States the same monthly/quarterly reporting information and/or any other documents that it supplies and/or supplied to Hidden Splendor.

15. Upon Rockwood's compliance with the terms of this agreement and its providing the parties with an accounting of the application of the Loss Fund, the United States, Denly and Hidden Splendor agree to discharge any liens and/or claims against Hidden Splendor and Rockwood as it pertains to the funds in this litigation.

16. As part of the joint motion seeking Court approval for the terms of this offer, all parties will stipulate to dismissal of the Interpleader action in question with the parties agreeing to bear their own costs of litigation, including attorneys' fees. This Stipulation and the dismissal shall only relate to matters concerning the ownership and disposition of, and payment to, the United States of America and Denly, respectively, of the Loss Fund, Unearned Premium and the Run Offs that would otherwise be, or become, owing from Rockwood to Hidden Splendor, America West Resources Inc., and/or Mid-State Services, Inc., and none of the parties releases or waives any other claims or causes of action it may have. To the extent performance is due under this Stipulation, no party is being released from their respective duties to perform.

17. The United States District Court for the District of Nevada shall retain jurisdiction to enforce the terms of this Stipulation.

18. As to the obligations of Rockwood to make payments to Denly and the United States, this Stipulation is not divisible.

If the foregoing accurately reflects the terms of the settlement offer, each party should sign where indicated below and return the signed letter to our office. The offer will be processed in accordance with our usual procedure. In the event the settlement offer is accepted, a proposed joint motion will be filed with the court. Final action will taken by the Attorney General or an official designated by him for this purpose. We are sure that you understand that unless you receive a notice of acceptance from this office the Department is no way committed to a

Ex. A

- 5 -

settlement.

You will be notified as soon as final action is taken on your offer.

If you have any questions, please contact Henry Darmstadter at (202) 307-6481.


Sincerely yours,


HENRY C. DARMSTADTER
Trial Attorney
Civil Trial Section, Western Region

cc:     All counsel

        United States Attorney
        Las Vegas, Nevada

Ex. A

- 6 -

The parties signing below hereby offer to settle the interpleader action *Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al*, Case No. 3:12-cv-00481-LRH-VPC (USDC Nevada) on the terms set out above.


LOUIS M. BUBALA III, ESQ.                    DATE
KAEMPFER CROWELL
50 West Liberty Street, Suite 900 700
Reno, Nevada 89501
(775) 398-4741

*Attorney for Plaintiff Rockwood Casualty Insurance Co.*


ALEXANDER H. WALKER III, ESQ.              DATE
57 West 200 South, Suite 400
Salt Lake City, Utah 84101
(801) 363-0100

*Attorney for Defendants Hidden Splendor*
*Resources, Inc. and America West Resources, Inc.*


JAMES V. HOEFFNER, ESQ.                   DATE
GRAVES DOUGHERTY HEARON & MOODY
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600

*Attorneys for Defendant Denly Utah Coal, LLC.*

Ex. A

- 6 -

The parties signing below hereby offer to settle the interpleader action *Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al*, **Case No. 3:12-cv-00481-LRH-VPC** (USDC Nevada) on the terms set out above.


LOUIS M. BUBALA III, ESQ.                          DATE
KAEMPFER CROWELL
50 West Liberty Street, Suite 900
Reno, Nevada 89501
(775) 398-4741

*Attorney for Plaintiff Rockwood Casualty Insurance Co,*



ALEXANDER H. WALKER III, ESQ.                      10/13/14
57 West 200 South, Suite 400                       DATE
Salt Lake City, Utah 84101
(801) 363-0100

*Attorney for Defendants Hidden Splendor*
*Resources, Inc. and America West Resources, Inc.*



JAMES V. HOEFFNER, ESQ.                            DATE
GRAVES DOUGHERTY HEARON & MOODY
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600

*Attorneys for Defendant Denly Utah Coal, LLC.*



Ex. A

- 6 -

The parties signing below hereby offer to settle the interpleader action *Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al*, Case No. 3:12-cv-00481-LRH-VPC (USDC Nevada) on the terms set out above.

_____
LOUIS M. BUBALA III, ESQ.
KAEMPFER CROWELL
50 West Liberty Street, Suite 900
Reno, Nevada 89501
(775) 398-4741

_____
DATE

*Attorney for Plaintiff Rockwood Casualty Insurance Co.*

_____
ALEXANDER H. WALKER III, ESQ.
57 West 200 South, Suite 400
Salt Lake City, Utah 84101
(801) 363-0100

_____
DATE

*Attorney for Defendants Hidden Splendor
Resources, Inc. and America West Resources, Inc.*

_____
JAMES V. HOEFFNER, ESQ.
GRAVES DOUGHERTY HEARON & MOODY
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600

10/10/14
_____
DATE

*Attorneys for Defendant Denly Utah Coal, LLC.*

Ex. A



**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 307-0054*
*Trial Attorney: Henry C. Darmstadter*
*Attorney's Direct Line: (202) 307-6481*

*Please reply to: Civil Trial Section, Western Region*
*P.O. Box 683*
*Ben Franklin Station*
*Washington, D.C. 20044*

TWA:RRW:HCDarmstadt
5-46-8064
CMN 2013102784

October 16, 2014

**VIA EMAIL AND REGULAR MAIL**

James V. Hoeffner
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701

Re: *Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al*
Case No. 3:12-cv-00481-LRH-VPC (USDC Nevada)

Dear Mr. Hoeffner:

We have received your email of October 10, 2014 on behalf of Denly Utah Coal LLC. ("Denly") to resolve the above referenced interpleader action commenced by the Rockwood Casualty Insurance Company, Inc ("Rockwood"). This is to memorialize the settlement you have proposed on behalf of all the remaining parties to compromise the above-entitled interpleader action. Based upon your email and your telephone conversations with Henry C. Darmstadter, we understand the terms of your offer to be as follows:

1.  The following parties to this action, Plaintiff Rockwood; Defendant United States of America; Defendant Denly; and Defendants Hidden Splendor Resources, Inc. (in it is individual capacity and as successor in interest to Mid-State Services, Inc.) and America West Resources, Inc. (the latter two, collectively referred to as "Hidden Splendor") agree that the subject or res of this case shall be resolved as follows subject to approval of the court. The only other party to this case, the Utah State Tax Commission, has filed a stipulation disclaiming its interest in the funds at issue in this case and agreeing to be bound by the court's resolution of the case.

2.  In the Complaint in Interpleader, Rockwood has represented that it is currently holding the sum of $60,303 in prepaid, unearned premium on behalf of Hidden Splendor ("Unearned Premium").

3.  Per agreement of the undersigned, the entire amount of the Unearned Premium ($60,303) will be paid by Rockwood to the United States of America by check made payable to the United States Treasury and mailed within (15) fifteen calendar days of entry of an order approving this agreement. Payment is to be



- 2 -

sent to the Department of Justice, ATTN: TAXFLU, Room 6647 - Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001. This payment will be applied by the United States to the outstanding tax liabilities of Hidden Splendor and/or Mid- State Services, Inc. as an involuntary payment.

4.   Rockwood has represented that as of August 31, 2014, it held $661,095.78 in collateral consisting of $24,871.85 in its possession and $636,223.93 held by First National Trust Company pursuant to an Escrow Account agreement among Rockwood, Hidden Splendor and First National Trust Company. The Escrow Account contains a deductible loss fund ("Loss Fund") pursuant to an Insurance Agreement between Rockwood and Hidden Splendor. For the purposes of this agreement, the Loss Fund shall refer to the combined amount of collateral in Rockwood's possession and the Loss Fund, in this case, $661,095.78 as of August 31, 2014.

5.   Although ownership of the Loss Fund resides with Hidden Splendor, Rockwood contends that it holds a senior security interest in the collateral contained in the Loss Fund for payment of claims ("Losses") and allocated loss adjustment expenses ("ALAE") as provided for in the Insurance Agreement, Escrow Account and Workers Compensation and Employer Liability Insurance policies issued by Rockwood to Hidden Splendor (including the Large Deductible Endorsement produced as ROCK 188-19, which is an endorsement to and part of the insurance policies). In the event the Loss Fund is not exhausted by the payment of Losses and ALAE, Rockwood agrees to distribute the surplus funds in accordance with the formula set out in the deposition of F. Ronald Davidson, Rockwood's Vice President, Underwriting, who was deposed in this Case on July 9, 2014 ("the Deposition"). The Deposition, including exhibits, is incorporated by reference and is part of this Stipulation regarding payouts and disclosures under this Stipulation.

6.   In regard to the Loss Fund, Rockwood conducts a runoff calculation in the first quarter of each year starting in 2014, as described in the Deposition. There is presently the sum of $62,094.62 ("First Run Off") from the standardized runoff calculation completed in first quarter of 2014 that is immediately due and owing and would have been paid from Rockwood to Hidden Splendor, but for the competing claims to such monies. Payments from portions of the Loss Fund are sometimes referenced as "Run Off".

7.   Rockwood agrees, pursuant to, and in accordance with, its standardized Run Off calculation, to release and distribute the annual calculated Run Off from the Loss Fund on an annual basis at approximately the end of January for each previous year. December 31, 2020, is the last day that a claim filed for the first time against the subject insurance policies can be considered for payment from the Loss Fund. Any claims filed for the first time after December 31, 2020, shall not be paid from the Loss Fund. As to the release and distribution for the Run Off calculated for the eighth year ending on December 31, 2020, Rockwood may continue to reserve amounts from the Loss Fund for pending, unresolved claims made on or before December 31, 2020, as well as payment on any meritorious claims. The reserved

Ex. A

- 3 -

amounts for each claim shall not be subject to any Run Off distribution pending the final payment or successful denial of such particular claim. Again, reference is made to the Deposition regarding the payment formula. As also detailed in the Deposition, there is no guarantee that there will be any further distributions from the Loss Fund beyond the First Run Off. With respect to claims reserved after December 31, 2020, as provided above, Rockwood shall not apply any reserve redundancy (defined as the amount of the reserve for a particular claim remaining after ALAE and any amount allowed for such particular claim, at the final payment or successful denial of such particular claim) to any other pending claim. Such redundancy, if any, shall be distributed to the IRS or Denly in accordance with this Stipulation. Any distribution shall be effected within 45 days of the date the claim closes.

8.      Per agreement of the undersigned, the first $10,000 of the First Run Off will be paid by Rockwood to the United States of America by check made payable to the United States Treasury and mailed within (15) fifteen calendar days of entry of an order approving this agreement. Payment is to be sent to the Department of Justice, ATTN: TAXFLU, Room 6647 - Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001. The United States agrees to allocate the entire $10,000 immediately to the trust fund portion of the employment tax liability (Form 941) of Hidden Splendor for the third-quarter of 2012.

9.      Per agreement of the undersigned, the remaining $52,094.62 of the First Run Off will be paid by Rockwood to Denly by check made payable to Denly Utah Coal, LLC, and mailed within (15) fifteen calendar days after entry of an order approving this agreement. Payment is to be sent to Denly Utah Coal LLC, 13809 Research Blvd., Suite 810, Austin, Texas 78750. Denly agrees to apply this payment to its debtor-in-possession (DIP) loan in In Re: America West Resources, Inc. (Case No BK-13-10865 bam) (USBC D. Nevada).

10.     If there is additional Run Off from the Loss Fund, the next $446,905.38 (after the First Run Off) will be paid by Rockwood to Denly by check made payable to Denly Utah Coal LLC and mailed to Denly Utah Coal LLC., 13809 Research Blvd. Suite 810, Austin, Texas 78750. Denly agrees to apply this payment to its debtor-in-possession (DIP) loan in *In Re: America West Resources, Inc.* (Case No BK-13-10865 bam) (USBC D. Nevada).

11.     Any and all amounts returned, if any, by Rockwood from the Loss Fund in excess of the amount described in Paragraph Nos. 8, 9 and 10 above (i.e., the First Run Off of $62,094.62 and the next $446,905.38 to be paid to Denly as referenced in the Paragraph No. 10) will be paid by Rockwood to the United States of America by check made payable to the United States Treasury and mailed to the Department of Justice, ATTN: TAXFLU, Room 6647 - Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001. This payment will be applied by the United States to the outstanding tax liabilities of Hidden Splendor and/or Mid-State Services, Inc. as an involuntary payment.

12.     Hidden Splendor agrees that the provisions of Part Four, Paragraph 3 of the



- 4 -

Workers Compensation and Employers Liability Insurance policies issued to Hidden Splendor by Rockwood are unaffected by this settlement and remain enforceable. Hidden Splendor releases any and all rights to receive the distribution of any amount of the Unearned Premiums, Run Offs, or the Loss Fund, and acknowledges that it has no liens, security interests, or other claims with respect to any portion of the Loss Fund, the Unearned Premiums, or the Run Offs except those that are released in accordance with this stipulation.

13. Rockwood agrees that it will not deduct from the Loss Fund or otherwise seek payment from any parties for any attorneys' fees or court costs incurred in connection with this entire action, Rockwood Casualty Insurance Co., Inc. v. Hidden Splendor, et al (Case No. 3:12-cv-00481-LRH-VPC (USDC Nevada)).

14. Rockwood agrees to provide Denly and the United States the same monthly/quarterly reporting information and/or any other documents that it supplies and/or supplied to Hidden Splendor.

15. Upon Rockwood's compliance with the terms of this agreement and its providing the parties with an accounting of the application of the Loss Fund, the United States, Denly and Hidden Splendor agree to discharge any liens and/or claims against Hidden Splendor and Rockwood as it pertains to the funds in this litigation.

16. As part of the joint motion seeking Court approval for the terms of this offer, all parties will stipulate to dismissal of the Interpleader action in question with the parties agreeing to bear their own costs of litigation, including attorneys' fees. This Stipulation and the dismissal shall only relate to matters concerning the ownership and disposition of, and payment to, the United States of America and Denly, respectively, of the Loss Fund, Unearned Premium and the Run Offs that would otherwise be, or become, owing from Rockwood to Hidden Splendor, America West Resources Inc., and/or Mid-State Services, Inc., and none of the parties releases or waives any other claims or causes of action it may have. To the extent performance is due under this Stipulation, no party is being released from their respective duties to perform.

17. The United States District Court for the District of Nevada shall retain jurisdiction to enforce the terms of this Stipulation.

18. As to the obligations of Rockwood to make payments to Denly and the United States, this Stipulation is not divisible.

This is to advise you that your offer has been accepted on behalf of the Attorney General with the understanding that a joint motion for dismissal with prejudice will be filed in this action, each party to bear its own costs including any attorneys fees or other expenses of this litigation.



- 5 -

If you have any questions, please contact Henry Darmstadter at (202) 307-6481.

Sincerely yours,

RICHARD R. WARD
Section Chief
Civil Trial Section, Western Region

cc:     All counsel

United States Attorney
Las Vegas, Nevada

Ex. A